ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

John C. Yarian,

Plaintiff, Case No. 01-CV-1144 MJD/JGL

v.

Rainbow Food Group, Inc.

Defendant.

---

**STIPULATED PROTECTIVE ORDER**

The parties hereto having agreed to the entry of a mutual Protective Order as evidenced by the signatures of their respective counsel which are appended hereto, and the Court having approved such order,

**IT IS HEREBY ORDERED THAT:**

**I. DEFINITIONS**

1. The term "Confidential Information" shall mean and include documents, portions of documents, things, answers to interrogatories, responses to requests for admissions, trial testimony, depositions, video tapes of depositions, and transcripts of depositions deemed by any party to contain confidential information belonging to it.



FILED JUN 12 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. The term "Documents" shall include but not be limited to correspondence, memoranda, bulletins, blueprints, specifications, customer lists, or other matter identifying customers or potential customers, price lists or schedules, or other matter identifying pricing, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, books of account, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes, reports, disclosures, models, prototypes, instructions and other writings, know how, design concepts, design data, test data, project schedule, project specification, technical reports and analyses, computer software, quality control procedures, supplier sources, financial and cost data, long-range strategic planning, employee information and confidential technical business and marketing information.

3. The term "Counsel" shall mean the attorneys and staff in the law firms identified below:

RIDER, BENNETT, EGAN & ARUNDEL
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402

HAUGEN LAW FIRM PLLP
1130 TCF Tower
121 South Eighth Street
Minneapolis, MN 55402

## II. GENERAL RULES

4. Each party to this litigation who produces or discloses any documents, things, interrogatory answers, responses to admissions, deposition transcripts, or information containing Confidential Information which the producing party wishes to be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY."

5. In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. Fcr purposes of the initial inspection, all documents within the produced files shall be considered as marked "CONFIDENTIAL - COUNSEL ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall designate copies of such documents as containing

Confidential Information with the appropriate confidentiality designation by labeling such items as "CONFIDENTIAL - COUNSEL ONLY" or "CONFIDENTIAL" at the time the copies are produced to the inspecting party.

6. Whenever a deposition taken on behalf of any party is deemed by a party to involve a disclosure of Confidential Information of any party:

(a) said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation may be made on the record, but a party may designate portions of depositions or depositions as containing Confidential Information as CONFIDENTIAL or CONFIDENTIAL COUNSEL ONLY after transcription. In the case of depositions already completed, such designation shall be made on or before June 15, 2002, and in the case of depositions to be taken, such designation shall be made within thirty (30) days of receipt by the deponent of the transcript.

(b) the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel, the Court reporter, and the persons agreed upon pursuant to paragraph 8 below in the case of

CONFIDENTIAL-COUNSEL ONLY information, and the persons agreed upon pursuant to paragraph 9 below in the case of CONFIDENTIAL information; and

(c) the originals of said deposition as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of Counsel for the parties or by order of the Court.

7. (a) Information designated "CONFIDENTIAL - COUNSEL ONLY" will be limited to information which the producing party in good faith believes comprises the most sensitive trade secrets, confidential research, development, technical, business or commercial information. It will only be viewed by attorneys and staff at the law offices of Rider, Bennett, Egan, & Arundel, LLP, and Haugen Law Firm, PLLP, including their associates and clerks, stenographic personnel, and by independent consultants and/or experts.

(b) Information designated "CONFIDENTIAL" will be limited to information which the producing party in good faith

believes comprises sensitive trade secrets, confidential research, development, technical, business or commercial information. It will only be viewed by attorneys and staff at the law offices of Rider, Bennett, Egan, & Arundel, LLP, and Haugen Law Firm, PLLP, including their associates and clerks, stenographic personnel, and by independent consultants and/or experts, by John Yarian, by John Webster, as well as by officers, directors, and in-house counsel at Rainbow Food Group, Inc./Fleming Companies, Inc.

(c) Prior to receipt of any "CONFIDENTIAL - COUNSEL ONLY" information by any independent consultant and/or expert, such consultant/expert shall sign the form appended hereto as Exhibit A. No consultant/expert shall be able to view "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" information within the meaning of Paragraphs 8(a) and 8(b) until the document attached hereto as Exhibit A has been executed by the consultant/expert.

8. With respect to documents designated "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY", any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same.

9. All Confidential Information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY," by the producing or disclosing party and any and all reproductions thereof, will be retained in the custody of Counsel for the receiving party, except that independent consultants or experts authorized to view such information under the terms of this Order may retain custody of such copies as are necessary for their participation in this action.

10. Any documents or things produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are filed with the Court for any purpose and which are designated as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" shall be filed in accordance with United States District Court for the District of Minnesota.

11. The designation of information "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" shall require the parties to treat such information pursuant to the terms of this Order but it shall not create a legal presumption that the information is in fact entitled to such designation.

12. Neither the execution nor the subsequent taking of any action in accordance with the provisions of this Order shall be

construed as a waiver of any existing claim or defense related in any way to this action. The entry of this Order shall not be construed as being retroactive in such a way that any such claim or defense is deemed waived by either party to this Action. Nothing in this Order shall be deemed to imply that any such claim or defense is either meritorious or lacks merit.

13. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately move for injunctive relief, or any other order, against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person, subject to the terms of this Order, agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order, notwithstanding any subsequent dispositions of this action.

14. A party receiving an item of Confidential Information that has been designated "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" by the producing party, may move the Court to remove or change such designation. This Order is entered into

without prejudice to the rights of any party to seek modification of it from the court or to challenge the confidential designation claim by any party.

15. Where disclosure of documents which are subject to a claim of attorney-client or work product privilege resulted from inadvertence or mistake on the part of the conveying party and such inadvertent or mistaken disclosure is thereafter brought to the attention of the receiving party within five (5) days after discovery by the conveying party of such inadvertent or mistaken disclosure, such disclosure shall not be construed as a waiver of privilege. Upon such notice, the receiving party shall return said documents and things, shall not retain copies thereof, and shall not use the privileged information for any purpose whatsoever.

16. Within fifteen (15) business days after entry of final judgment including appeals, or of dismissal of this entire action, all documents and things or transcripts of depositions or trial, together with all copies thereof, which have been designated as including Confidential Information, shall be returned to the producing party, provided that Counsel for any receiving party may retain one copy of any and all pleadings or other papers - filed in Court which contain Confidential

Information of the disclosing party for the purpose of any possible future dispute over alleged violation of this Order or over any agreement, decision, decree, order or judgment disposing of all or part of this action. At the conclusion of the litigation any party may, at its option, destroy its own copy.

17. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Order with respect to particular material designated as containing Confidential Information.

**SO ORDERED** this 12 day of June, 2002.

UNITED STATES DISTRICT COURT
U.S. Mag. Judge

The foregoing is agreed and stipulated to by the parties through their counsel as of this _____ day of _______________, 2002.

Dated: May 29, 2002

Orrin M. Haugen, MN I.D. #42353
Eric O. Haugen, MN I.D. #189807
Mark J. Burns, MN I.D. #308055
HAUGEN LAW FIRM PLLP
1130 TCF Tower
121 South Eighth Street
Minneapolis, MN 55402

Phone: (612) 339-8300
FAX: (612) 339-8200

Dated: 5/29, 2002

Timothy J. Nolan (203671)
Piper L. Kenney (275621)
RIDER, BENNETT, EGAN & ARUNDEL, LLP
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Phone: (612) 340-8921

Attorneys for Defendant,
Rainbow Food Group, Inc.

**EXHIBIT A**

AGREEMENT CONCERNING MATERIAL COVERED BY
PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in the United States District Court for the District of Minnesota pending therein, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to copy, disclose to, or discuss with, any person or entity not authorized to receive such "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" information, pursuant to the terms of said Protective Order, any document or any information designated as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" or any copies of extract or information derived therefrom, which will be disclosed to me. I further agree to use any information to be disclosed to me in connection with the case solely for the purposes of the above-mentioned case and for no other purposes.

I understand that the use of any "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" information or document is any manner contrary to the provisions of the Protective Order may subject me to sanctions of the Court for contempt. I hereby irrevocably submit myself to the jurisdiction of the United

States District Court for the District of Minnesota for the purposes of enforcing said Protective Order.

Date:______________________________________

Signature:_________________________________

Type or Print Name:________________________

Address:___________________________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

John C. Yarian,

Plaintiff, Case No. 01-CV-1144 MJD/JGL

v.

Rainbow Food Group, Inc.,

Defendant.

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the following documents: STIPULATED PROTECTIVE ORDER was:

__X__ hand delivered;

_____ mailed, via First Class mail, postage prepaid;

_____ sent via facsimile to number (612) 340-7900;

to Timothy J. Nolan, Esq. and/or Piper L. Kenney, Esq., of RIDER, BENNETT, EGAN & ARUNDEL, LLP, Attorneys for Defendant, 333 S. Seventh Street, Suite 2000, Minneapolis, MN 55402, on this 5[rd] day of June, 2002.

Dated: June 5, 2002

Eric O. Haugen
HAUGEN LAW FIRM PLLP
121 S. Eighth Street
1130 TCF Tower
Minneapolis, MN 55402
Telephone: (612) 339-8300

Attorneys for Plaintiff,
John C. Yarian

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.