**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**JOHN C. YARIAN,**

Plaintiff,

v.

**RAINBOW FOODS, a Division of Fleming Companies, Inc., an Oklahoma Corporation,**

Defendant.

Civil No. 01-1144 (MJD/JGL)

**ORDER**

---

APPEARANCES

Eric O. Haugen, Esq, for Plaintiff

Timothy J. Nolan, Esq., for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 13, 2002 on Plaintiff's Motion for Leave to Have FRCP 37 Motion Heard in Conjunction with Summary Judgment Motion (Doc. No. 51). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. BACKGROUND

The facts of this case are well known to the Parties and will not be recited here. In the instant motion, Plaintiff seeks sanctions against Defendant

FILED DEC 17 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

for Defendant's alleged failure to comply with Court-ordered discovery obligations. Specifically, Plaintiff argues: (1) that Defendant produced shrink documents two months late, prejudicing Plaintiff's ability to effectively argue his summary judgment motion; and (2) that Defendant destroyed the store security tapes which it was ordered to produce. Plaintiff's motion originally included a request to have it heard at the same time as summary judgment arguments. The trial judge referred the motion to this Court. Thus, the timing issue is moot. Only the substantive issues raised in the motion will be addressed by this Court. The Court will refer to Plaintiff's motion as "Plaintiff's Motion for Sanctions."

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, if a party fails to comply with a court order, the court may impose sanctions upon the non-complying party. See Fed. R. Civ. P. 37(b)(2). Plaintiff seeks such sanctions for Defendant's violation of this Court's July 1, 2002 Order.

### A. Shrink Documents

In the Court's July 1, 2002 Order, Defendant was ordered to produce shrink documents by July 15, 2002. (July 1, 2002 Order ¶ 1.) Defendant did not produce the documents until September 23, 2002. Plaintiff argues that he was prejudiced by this late production because briefing on

summary judgment motions was completed before that date. Summary judgment motions were argued on November 15, 2002.

At the motion hearing, Defendant's Counsel took full responsibility for the late production. According to Counsel, "[q]uite frankly, Rainbow and its attorneys simply forgot that it had not produced the shrink documents earlier." (Def. Mem. Opp. Pl. Mot. Sanctions at 4; Webb Aff. ¶¶ 4-5.)

While the Court cannot condone such careless work, the Court is not convinced that Defendant's omission was willful or deliberate. Moreover, the Court is not convinced that Plaintiff suffered prejudice because of the late production. Three days before oral argument on the Parties' summary judgment motions, Defendant represented to the Court that it would not oppose Plaintiff submitting a supplemental affidavit or argument related to the shrink documents. (Def. Mem. Opp. Pl. Mot. Sanctions at 2.) Plaintiff declined to do so. At the motion hearing, Plaintiff stated that presenting an additional argument would have caused him to go over his summary judgment brief page limit. The Court finds this argument unpersuasive. Plaintiff's failure to take advantage of the opportunity to present an argument related to shrink demonstrates a lack of prejudice. Moreover, once the production deadline had passed, Plaintiff never requested the shrink documents (Webb Aff. ¶ 5.) Obviously, Defendant should have produced the documents in a timely manner, but Plaintiff bore some responsibility to protect his interests regarding

the shrink documents. Given the Parties' apparent ability to work together amicably (Webb Aff. Ex.3), it seems likely that a simple phone call to Defendant's Counsel would have resulted in earlier production of the shrink documents.

**B. Security Tapes**

On July 1, 2002, the Court ordered Defendant to "make available to Plaintiff the tapes in its possession from the past thirty (30) days. Rainbow has represented that these tapes constitute the entirety of items in its possession relevant to the request." (July 1, 2002 Order ¶ 2.) On July 30, 2002 Plaintiff requested a July 16, 2002 security tape from Defendant. Defendant produced the requested tape. Plaintiff did not again request security tapes until late September 2002. At that time, Plaintiff was informed what tapes were available and was also informed that, pursuant to Defendant's usual practice of recycling tapes after thirty days, all the tapes from June 2002 were destroyed. Plaintiff argues that this destruction violated the Court's Order, and seeks sanctions per Federal Rule of Civil Procedure 37(b)(2). Specifically, Plaintiff requests that the Court order that "the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." Fed. R. Civ. P. 37(b)(2)(A).

Defendant argues that its tape destruction did not violate the Court's Order. Defendant interprets the Order to mean that Plaintiff is entitled to all tapes within Defendant's possession on the date Plaintiff makes his request. The Parties do not dispute that Plaintiff was aware of Defendant's practice of recycling security tapes after thirty days.

"Sanctions may be imposed against a litigant who is on notice that documents and information in his possession are relevant to litigation . . . and destroys such documents and information." Dillon v. Nissan Motor Co., 986 F.2d 263, 266 (8th Cir. 1993) (quotation omitted). The Court has discretion to determine what sanctions are appropriate in any given case. See Capellupo v. FMC Corp., 126 F.R.D. 545, 551 (D. Minn. 1989).

First, the Court finds that the sanction requested by Plaintiff is not justified in this case. As the Court indicated at the motion hearing, it is the Court's experience that such a severe sanction is best reserved for punishment of egregious conduct. The Court does not find that Defendant acted in a manner suggesting deliberate destruction of evidence. See Fed. R. Civ. P. 37(b)(2) (granting courts discretion to determine sanctions).

Second, again the Court finds that Plaintiff bears some responsibility for his current situation. Plaintiff drafted the Order at issue in the present motion. Defendant made changes which Plaintiff incorporated prior to submitting the Order to the Court for its signature. (Pl. Reply Mem.

Ex.1.) The Order does not mention Defendant's obligations regarding routine destruction of security tapes. Moreover, the Order does not specifically state that the tapes from June 1, 2002 through July 1, 2002 should be preserved. These ambiguities left the Order open to the two interpretations currently before the Court. This is especially true since it appears that Defendant inserted the very language at issue in this motion. (Pl. Reply Mem. Def. Mem. Opp. Pl. Mot. Sanctions Ex. 1 ¶ 2.) Plaintiff should have asked for clarification of this language, if there was any doubt. At the very least, Plaintiff had some obligation to communicate his interpretation of the language to Defendant. On the other hand, Defendant also had an obligation to clearly communicate its interpretation of the disputed language to Plaintiff.

Third, the Court finds that the destroyed tapes are not critical to this case. At the motion hearing, Plaintiff conceded that there is nothing significant about the contents of the June 2002 security tapes. In Plaintiff's opinion, significance attaches only because as of July 1, 2002 Defendant knew it had to produce this evidence. The Court disagrees. Plaintiff was not prejudiced by Defendant's actions, and sanctions are therefore inappropriate. See Dillon, 986 F.2d at 267 ("Before a sanction for destruction of evidence is appropriate . . . there must also be a finding that the destruction prejudiced the opposing party.") Furthermore, the Court believes Defendant when it states that as of July 1, 2002, it only knew that it needed to produce the most

recent thirty days of tapes. This undermines Plaintiff's argument that Defendant knew it had to produce the June 2002 tapes.

Fourth, the Court finds Plaintiff's reliance on Lexis-Nexis v. Beer, 41 F. Supp.2d 950 (D. Minn. 1999) and Stevenson v. Union Pacific R.R., 204 F.R.D. 425 (E.D. Ark. 2001) misplaced. In Lexis, the court determined that monetary sanctions, rather than evidentiary sanctions, were appropriate when the defendant destroyed computer information that was relevant to plaintiff's case. See id. at 955. The Lexis court was unwilling to assess evidentiary sanctions when, inter alia, the plaintiff failed to demonstrate that the destroyed material would contain information "substantially different in character from that of the preserved information." See id. at 955. This lack of evidence led to the conclusion that the plaintiff was not prejudiced by the defendant's actions. See id. (citing Dillon, 986 F.2d at 263). Such is the case here. Plaintiff admitted at the motion hearing that the information contained on the June 2002 tapes is no different than the information contained on other tapes. Furthermore, the Lexis court only issued monetary sanctions because the defendant's actions had resulted in an expensive "high-tech wild goose chase." Id. at 956. Plaintiff proffers no evidence to support the conclusion that Defendant's actions have resulted in extra expenditures of time or money. There is simply no prejudice.

In Stevenson, the court recited three factors which courts must consider when faced with the destruction of evidence carried out under a document retention policy. See Stevenson, 204 F.R.D. at 428 (citing Lewy v. Remington Arms Co., 836 F.2d 1104, 1112 (8th Cir. 1988)). The three factors are: (1) whether, considering the type of documents at issue, the document retention policy was reasonable; (2) whether the litigant knew or should have known that the documents would be material, and therefore, preserved; and (3) whether the document retention policy was instituted in bad faith. See id. (citing Lewy, 836 F.2d at 112). The Stevenson court concluded that an audio tape recorded at the time of a train accident and track inspection records from the same day, both destroyed pursuant to document retention policies, should have been preserved. See id. at 431, 433. The Court relied heavily on the fact that contemporaneous information was vital to determine what happened on the day of the accident. See id. at 429-30, 433. The Court concluded that although the document retention policies were not instituted in bad faith, see id. at 430, 433, one of the policies was unreasonable. See id. at 433. The Court also held that the defendants should have known that the destroyed information was relevant because of the likelihood that a serious collision would result in a lawsuit. See id. at 430, 433. Since the defendant's actions severely prejudiced the plaintiff, the court held that it would instruct the jury

that the defendant destroyed evidence which would have been detrimental to the defendant's case. See id. at 436.

The instant case can be distinguished from Stevenson. First, Plaintiff has proffered no evidence from which the Court can conclude that Defendant's document retention policy is unreasonable or was instituted in bad faith. Second, since Plaintiff never made it clear that he specifically sought the June 2002 tapes, routine destruction of the tapes was not unreasonable or in bad faith. Third, Plaintiff has not demonstrated that he has been prejudiced by Defendant's actions.

In conclusion, the Court finds that no sanctions are warranted in this case. Plaintiff has not met his burden to prove either deliberate bad faith behavior or prejudice. Furthermore, Plaintiff is at least partially to blame for the current situation. Plaintiff's motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Have FRCP 37 Motion Heard in Conjunction with Summary Judgment Motion (Doc. No. 51) is **DENIED**.

Dated: December 17, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge